*Calvin J. Collins v. Standard Parking Corporation*
*United States District Court, Northern District of Georgia, Atlanta Division*
*Civil Action File Number:  1:12-MI-99999-UNA (Temporary Number)*

*[Removed from Clayton State Court, State of Georgia*
*Civil Action File No.:  2012CV04150FF]*

# EXHIBIT A:  PETITION FOR REMOVAL

CLAYTON COUNTY STATE COURT

STATE OF GEORGIA

CALVIN J. COLLINS,                              *
                                                *
          Plaintiff,                            *     JURY TRIAL DEMANDED
                                                *
vs.                                             *     CASE NO.:
                                                *     2012CV04100 FF
STANDARD PARKING                                *
CORPORATION,                                    *
                                                *
          Defendant.                            *

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

P. Charles Scholle
P. Charles Scholle, P.C.
6340 Sugarloaf Parkway
Suite 200
Duluth, Georgia 30097
770-717-5100

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in this Complaint.

This _____18th_____ day of ___October___, __2012__.

GAIL CARNES
CLERK OF STATE COURT
9151 TARA BOULEVARD
JONESBORO, GA 30236-4912

By: _____
Deputy Clerk

 CT Corporation

**Service of Process Transmittal**
11/09/2012
CT Log Number 521582687

TO: Jim Ostling
Standard Parking Corporation
900 North Michigan Avenue, Suite 1600
Chicago, IL 60611

RE: **Process Served in Georgia**

FOR: Standard Parking Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Calvin J. Collins, Pltf. vs. Standard Parking Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Interrogatories and Request, First Request(s), Order |
| **COURT/AGENCY:** | Clayton County State Court, GA<br>Case # 2012CV04150FF |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - December 15, 2010 at Hartsfield-Jackson Atlanta International Airport Employee Parking "Lot A" - Dfts. failed to monitor the parking lot for dangerous ice and warn pedestrians of dangers |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/09/2012 at 12:46 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service - Answer // No later than 45 days after service - Interrogatories, Admission |
| **ATTORNEY(S) / SENDER(S):** | Charles P. Scholle<br>P. Charles Scholle, P.C.<br>6340 Sugarloaf Parkway<br>Suite 200<br>Duluth, GA 30097<br>770-717-5100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/10/2012, Expected Purge Date: 11/15/2012<br>Telephone, Jim Ostling , 312-274-2052<br>Image SOP<br>Email Notification, Robert Sacks rsacks@standardparking.com<br>Email Notification, Jim Ostling jostling@standardparking.com<br>Email Notification, Anna Boulamatsis ABoulamatsis@standardparking.com<br>Email Notification, Mary Lacroix mlacroix@standardparking.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>Tyeasha Harris<br>1201 Peachtree Street, N.E.<br>Suite 1240<br>Atlanta, GA 30361<br>404-965-3840 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**RECEIVED & FILED**

OCT 18 2012

*Hoil Caruso*
CLERK STATE COURT
CLAYTON COUNTY

CLAYTON COUNTY STATE COURT

STATE OF GEORGIA

| | | |
|---|---|---|
| CALVIN J. COLLINS, | * | |
| | * | |
| Plaintiff, | * | JURY TRIAL DEMANDED |
| | * | |
| vs. | * | CASE NO.:_____ |
| | * | |
| STANDARD PARKING | * | |
| CORPORATION AND JOHN DOES 1-5, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT FOR DAMAGES

COMES NOW CALVIN J. COLLINS, Plaintiff in the above-styled action, and brings this Complaint for Damages, and shows the Court the following:

1.

CALVIN J. COLLINS is, and at all times material to this action, was a resident of the State of Georgia.

2.

Defendant STANDARD PARKING CORPORATION is subject to the jurisdiction and venue of this Court. The incident occurred in Clayton County and Defendant operates a property located at 6000 North Terminal Parkway Atlanta, Georgia 30337.

3.

Defendant STANDARD PARKING CORPORATION is a business operating in Georgia and may be served by service upon its registered agent, to wit: CT Corporation at 1201 Peachtree Street NE, Atlanta, Georgia 30361.

4.

- 1 -

The true names or capacities of Defendants named herein as John Does (1-5) [hereinafter collectively referred to as "John Does"] are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint to show said John Does' true names and service addresses when the same have been ascertained.  Plaintiff identifies John Does 1-5 as either joint tortfeasors or possible additional liable parties.  Plaintiff alleges on information and belief that John Does are in some manner responsible for the acts or omissions alleged herein.

5.

On or about December 15, 2010, Defendants were the owners and/or operators of real estate located at the Hartsfield-Jackson Atlanta International Airport Employee Parking "Lot A".

6.

On or about December 15, 2010, managed and controlled a parking lot for the employees of the Hartsfield-Jackson Atlanta International Airport Employee Parking "Lot A".

7.

On or about December 15, 2010, Plaintiff, CALVIN COLLINS, was an invitee of Defendants.

8.

Defendants negligently maintained the parking lot within the Atlanta Airport Employee Parking area, failing to monitor the parking lot for dangerous ice and warn pedestrians of dangers.

9.

Defendants failed to warn invitees of potential hazards of which it had actual or

- 2 -

constructive knowledge.

10.

That as the result of the Defendants' negligence Plaintiff, CALVIN COLLINS, sustained serious bodily injury, especially to his head, neck, and shoulder, back and hip at the aforementioned premises.

11.

That as the direct and proximate result of the Defendants' negligence, Plaintiff, CALVIN COLLINS, suffered personal injuries and will continue to suffer personal injuries in the future, including bodily injury, pain and mental suffering.

12.

As a direct and proximate result of the Defendants' negligence Plaintiff, CALVIN COLLINS, incurred medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely and proximately by Defendants.

13.

As a direct and proximate result of the Defendants' negligence Plaintiff, CALVIN COLLINS, will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely and proximately by Defendants.

14.

As a direct and proximate result of the Defendants' negligence Plaintiff, CALVIN COLLINS, incurred lost wages, in an amount to be proven at trial.

15.

As a direct and proximate result of the Defendants' negligence Plaintiff, CALVIN

- 3 -

COLLINS, has suffered a diminished earnings capacity, in an amount to be proven at trial.

WHEREFORE, the Plaintiff prays:

1.    That Defendants be served with summons, process and a copy of this Complaint as provided by law;

2.    That Plaintiff obtain judgment against Defendants for special and general damages as determined at trial as well as costs of litigation and expenses;

3.    That the Plaintiff be granted a trial by jury as to all triable issues in this cause; and

4.    For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

THIS _____15th_____ DAY OF _____October, 2012_____.

F. Charles Scholle
Attorney for Plaintiff
Georgia Bar Number 629736

6340 Sugarloaf Parkway
Suite 200
Duluth, Georgia 30097
770-717-5100

- 4 -

**RECEIVED & FILED**

OCT 1 8 2012


CLERK STATE COURT
CLAYTON COUNTY

CLAYTON COUNTY STATE COURT

STATE OF GEORGIA

|  |  |  |
|---|---|---|
| CALVIN J. COLLINS, | * | |
| | * | |
| Plaintiff, | * | JURY TRIAL DEMANDED |
| | * | |
| vs. | * | CASE NO.:_____ |
| | * | |
| STANDARD PARKING | * | |
| CORPORATION AND JOHN DOES 1-5, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT STANDARD PARKING CORPORATION

COMES NOW CALVIN J. COLLINS Plaintiff in the above-styled action, and propounds the attached First Continuing Interrogatories to Defendant, STANDARD PARKING CORPORATION, pursuant to O.C.G.A. §9-11-33, §9-11-34, § 9-11-30(b)(5), and §24-10-26, respectively, to be answered separately and individually under oath.

Answers to these Interrogatories shall be served upon the attorney for the Plaintiff at the offices of P. Charles Scholle, P.C., 6340 Sugarloaf Parkway, Suite 200, Duluth, Georgia 30097 no later than forty-five (45) days after service of these Interrogatories, or at any hearing or deposition in the above matter which is scheduled prior to 45th day after service.

## PART I

### INTRODUCTION AND DEFINITIONS

(A)    Each Interrogatory seeks information available to the Defendant, its attorneys and agents, and all persons acting in their behalf. Accordingly, as used herein, the term "Defendant," "you,", "your," refer without limitation to the Defendant, the Defendant's attorneys or

investigators, insurers, agents and all other persons acting in the Defendant's behalf. Each of the Interrogatories shall be deemed to be continuing in the manner provided by law.

(B)     As used herein, "person" means an individual firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. When the term "identify" is used in conjunction with the term "person" or if the answer of any Interrogatory herein refers to a person (as defined herein), you are to state each such person's (1) full legal name, (2) present or last known address and telephone number, business or residential, and (3) occupation, job title, business affiliation and/or nature of business.

(C)     When the term "identify" is used herein in conjunction with a document or other tangible thing, or if the answer to any Interrogatory refers to such a document or other tangible thing, you are to state with respect to each such item: (1) the date of the item, (2) the identity of the person who has custody or control of the item, and (3) the nature and substance of the item; all with sufficient particularity to enable it to be identified in a Request to Produce. Alternatively, you may produce the item, provided each document is appropriately marked so as to identify the Interrogatory to which the document is responsive.

(D)     If any document or identification of any document or oral communication is withheld under a claim of privilege, provide information sufficient to determine the identity of the document or oral communication and, as well, state the basis for any asserted claim of privilege.

(E)     As used herein, "date" should mean the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

(F)     If you object to part of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or

time period of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory.  If you object to the scope or time period of an Interrogatory and refuse to answer for that scope of time, state your objection in an answer for that Interrogatory for the scope and time period that you believe is appropriate.

(G)    If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the Interrogatory.

## PART II

## <u>INTERROGATORIES</u>

1.

State the name, address, present place of employment, and relationship and/or title with the Defendant, of the persons answering these interrogatories, and state the place where these interrogatories are being answered and the names and present places of employment of each person present when these interrogatories are being answered.

2.

Please state the name, age, present address, home phone number, present place of employment, and work and home telephone number of each person known to you who:

(a)    Investigated or participated in the investigation of the incident which is the basis of this Complaint;

(b)    Has knowledge of any material or relevant fact relating to the incidents which are the basis of this Complaint;

- 3 -

(c)     Was an eyewitness to any event giving rise to this action or came upon the scene of the events giving rise to this action within one hour after their occurrence;

(d)     Was not an eyewitness but has personal knowledge of any facts or circumstances upon which this claim is based or as to any fact which you will seek to prove in support of your defense at any hearing or at trial in the above captioned matter.

3.

For each person listed in response to the Interrogatory No. 1, please state the location of the person at the time of the observation of the events in question and the facts known or claimed to be known by such person, insofar as you know.

4.

If you have obtained any written or recorded statements from any persons regarding this action, please state the name, age, address, telephone number and present place of employment of each such person, and the date such statement was made, the substance thereof, including the name, age, address and place of employment of the person(s) obtaining the statement, and presently having custody thereof.

5.

If any photographs, motion pictures, surveys, charts, plats, drawings or diagrams were made of any person, persons, place or places, thing or things, including but not limited to photographs of the area involved, or the equipment involved in the incident in question, by or on behalf of you or any other person or company, please state the following:

(a)     How many photographs or motion pictures were taken, the dates they were taken, and the name, address, job title and present whereabouts of each person who

- 4 -

made any such photographs or motion pictures or was present at the time of the making of any such photographs or motion pictures;

(b)  A description of what each photograph or motion picture purports to depict;

(c)  A description of each survey, chart, plat, or item made or prepared, describing what each such item depicts or purports to depict, the date that each was made or prepared and the name, address, job title and present whereabouts of each person who made any such survey, chart, plat or drawing;

(d)  The name and address of the person or persons who now have custody or control of any such photographs, motion pictures, surveys, charts, plats, drawings, diagrams, etc., showing the items in the custody or control of each such person.

6.

State separately every contention of any defense of the defendant that you believe would defeat or reduce any recovery of damages by the Plaintiff and for each such contention please state the name, age, address and place of employment of each person known to you who knows any relevant fact that you believe supports such a contention, giving a statement of the relevant facts known or claimed to be known by each such person, insofar as you have knowledge.

7.

Please state the name and address of each person the Defendant expects to call as an expert witness at the trial or at any hearing in the captioned matter, and with respect to each such expert witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions about which such person is expected to testify, and a summary of the grounds for such opinion.

8.

Please state whether any investigation was conducted or any report submitted on the subject matter of Plaintiff's complaint by any person, whether an agent, servant, or employee, officer or supervisor of the Defendant, and if so, please state the date and result of each such report or investigation giving the name and address of any persons making an investigation or report, as well as the names and addresses of persons presently in possession of any such report and the gist of such reports.

9.

If you claim the Plaintiff was contributorily or otherwise negligent, please set forth precisely and in detail what ways the Plaintiff was contributorily or otherwise negligent and if you claim that the Plaintiff ignored any warning or violated any rule, bulletin, or written instruction at the time of the injury, please identify the rule, bulletin, or written instruction and state where it may now be found.

10.

If you contend that venue and jurisdiction of the complaint in the above-styled case is improper, please state any and all facts and law which support your contentions.

11.

Based upon your investigation of the incident set forth in the Plaintiff's complaint and based upon all witness statements, photographs, documents, and reports generated by your agents, servants, or employees or generated by others and known to you, how do you contend the incident at issue occurred?   Identify in your response to this interrogatory all witnesses, documents, reports, photographs, rules, or other sources upon which your response is based, if not otherwise identified by you in response to other interrogatories.

12.

Was there any agent or employee of yours whose job it was to supervise, maintain, or inspect the area?  If so, state how often such inspection, maintenance, or supervision was supposed to occur and state the names, addresses, telephone numbers, and employers of each such person whose job it was to supervise or inspect the area.  Also state who made the last inspection of the area just prior to the incident which forms the subject matter of this case.

13.

Identify by name, date of occurrence, last known address, and address of nearest kin all those who have fallen in the parking lot where Plaintiff claims to have fallen as a consequence of snow or ice since Defendant began managing the parking area in question.  If any prior lawsuits have been brought against you or anyone else to your knowledge for an injury at any Atlanta Airport parking lot, please state the parties to the lawsuit, the court in which such lawsuit was filed, when it was filed, the style of the case, and the names, addresses, and telephone numbers of the lawyers representing the Plaintiff in any such lawsuit.

14.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

15.

Has any entity issued a policy of liability insurance to the defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

16.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

17.

- 7 -

Do you contend that the plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

18.

Please state in detail any and all policies and procedures concerning the inspection, cleaning or maintenance of the parking area where this incident occurred, and please provide a detailed description of all procedures and protocols for warning or advising airport officials, employees and the general public about ice and snow conditions on the facilities managed by your company.

19.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

20.

Please identify each and every person working for the defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's job duty, name, current address, current employer and telephone number.

21.

Have their ever been any complaints made by airport officials about the area where this incident occurred?  If so, please state:

(a) The date(s) of each complaint;

(b) The person(s) making each complaint;

(c) The nature of each complaint;

- 8 -

(d)     Any action taken as a result of each complaint.

22.

Were there any contracts or agreements with other individuals or entities, including the airport parking lot management agreement, regarding the maintenance, inspection or security of the property where the plaintiff fell as described in the complaint?  If so, state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

23.

Please identify each and every witness or employee in the vicinity of the area where the plaintiff fell at the time of the incident.  In regard to each employee, please state:

(a)     The name of each person;

(b)     The address of each person;

(c)     The telephone number of each person;

(d)     The shift worked by each person if an employee;

(e)     The job duties and responsibilities of each person if an employee.

24.

Have there been any audits, inspections or evaluations of the area where the plaintiff fell for the past five years?

25.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

## PART III

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO</u>

## DEFENDANT STANDARD PARKING CORPORATION

### DEFINITIONS AND INSTRUCTIONS

(A)     This request for production of documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require defendant to serve upon Plaintiff supplemental answers if defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

(B)     The following definitions shall apply to this request.

1.     "Document", whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon

- 10 -

which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either defendant or their agents, attorneys, or employees.

2.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

(C)      Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identity the document by name, number, form or description, and by date made, and the date which the document was most recently in your possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such document.  If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

(D)      If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request.  If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.  If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any particular, please set forth the details of such qualifications.

(E)     In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide Plaintiff with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

(F)     The following Request for Production of Documents and Notice to Produce is made under the provisions of O.C.G.A. §9-11-34, §9-11-30(b)(5), and §24-10-26.

(G)     You are hereby notified to produce for inspection and copying at the offices of P. Charles Scholle, P.C., 6340 Sugarloaf Parkway, Suite 200, Duluth, Georgia 30097, within 45 days after the date of service of this Request for Production of Documents and Notice to Produce; and pursuant to O.C.G.A. § 9-11-30(b)(5), at the time of the taking of Defendant's deposition, and pursuant to O.C.G.A. § 24-10-26, upon any hearing and upon the trial of the above-styled case, the following documents and records which are in your possession, custody or control, the same to be used as evidence by the Plaintiff, to wit:

1.

All photos, diagrams, charts, surveys, plats, blueprints, drawings taken, prepared, or kept by the Defendant or someone on the Defendant's behalf which portray or relate to the injury site involved on the date of injury, the persons present or involved in the incident under investigation

- 12 -

or which are in any way relevant to any claim or defense involved in this action.

2.

All safety rules, notices, warnings, or orders which you contend the Plaintiff violated on the date of injury, which violation(s) you contend caused or contributed to the Plaintiff's injuries.

3.

Any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where the plaintiff fell.

4.

Any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the plaintiff or the incident in question.

5.

The payroll records for the defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

6.

Any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to interrogatories.

7.

Any and all policy and procedure manuals given to the defendant's employees.

8.

Any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in the response to the preceding paragraph.

9.

- 13 -

Any documents obtained through a request for production of documents or subpoena.

10.

All accident, incident, and injury reports prepared by you or your employees or agents as a result of the subject incident.

11.

All written or recorded statements taken from any persons regarding the subject matter of this action.

12.

All reports from any person you intend or expect to call as an expert witness at the trial or hearing in this matter.

13.

Any plats, blueprints, diagrams, or maps showing the layout of the area of the location and facilities where the injury to Plaintiff occurred.

14.

All applications for employment taken by you from those persons hired or working for you who are witnesses to the incident related in Plaintiff's Complaint.

15.

Any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the plaintiff.

16.

Any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.

17.

Any documents or communications regarding changes made to policies, procedures,

- 14 -

protocols, rules, regulations and guidelines since this incident.

18.

Any surveillance videos taken on the day of the incident.

19.

Any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years.

20.

Any incident report or other report concerning the incident described in the complaint.

21.

Any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.  In lieu thereof, you may attach copies to your answers to these interrogatories.

22.

Any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

23.

The contract in place at the time of the incident between Standard Parking and the Airport for the provision of parking lot management services.

24.

All documents and communications sent by Airport personnel to any employee or agent of Standard Parking that concerns policies, procedures and protocols related to snow and ice at Hartsfield-Jackson Airport.

25.

All emails, memorandums or other communications of any kind between any employee or agent of Defendant and any other entity regarding snow, ice or parking lot conditions or parking lot safety at any time on December 15, 2010.

26.

All emails, memorandums, warnings or other communications of any kind sent by any agent or employee of Defendant to any other agent or employee of Defendant regarding snow, ice or parking lot conditions or parking lot safety at any time on December 15, 2010.

27.

All emails, memorandums, warnings or other communications of any kind sent by any agent or employee of Defendant directed to any member of the general public or person at the airport regarding snow, ice or parking lot conditions or parking lot safety at any time on December 15, 2010.

THIS ___15th___ DAY OF ___October, 2012___.

_____
P. Charles Scholle
Attorney for Plaintiff
Georgia Bar Number 629736

6340 Sugarloaf Parkway
Suite 200
Duluth, Georgia 30097
770-717-5100

- 16 -

**RECEIVED & FILED**

**OCT 18 2012**

*[signature]*
CLERK, STATE COURT
CLAYTON COUNTY

CLAYTON COUNTY STATE COURT

STATE OF GEORGIA

CALVIN J. COLLINS,                    *
                                      *
        Plaintiff,                    *       JURY TRIAL DEMANDED
                                      *
vs.                                   *       CASE NO.:_____
                                      *
STANDARD          PARKING            *
CORPORATION AND JOHN DOES 1-5,        *
                                      *
        Defendants.                   *

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO DEFENDANT STANDARD PARKING CORPORATION

COMES NOW CALVIN J. COLLINS, Plaintiff in the above-styled action, and requests, pursuant to O.C.G.A. § 9-11-36, that Defendant admit under oath the truth of the facts hereinafter set forth, within forty-five (45) days after service of this discovery request upon said Defendant.

1.

Standard Parking Corporation has been correctly named as a Defendant in the present action with respect to the legal description of Defendant's name.

2.

The State Court of Clayton County has personal jurisdiction over Defendant.

3.

The State Court of Clayton County has subject matter jurisdiction over this action.

4.

The State Court of Clayton County is the court of proper venue in this action.

- 1 -

5.

This Defendant received process in this action, and such process and service is sufficient.

6.

No person not named as a party in this action, excluding any John Doe defendants, caused or contributed to the incident made a basis for this Complaint.

7.

The Defendant was negligent, and such negligence was the cause of the incident in which Plaintiff was injured.

8.

The Defendant was negligent, and such negligence was the cause of the injuries Plaintiff sustained for which Plaintiff is seeking damages in this action.

9.

No action or failure to act of Plaintiff caused or contributed to the incident made the basis for this action.

10.

Defendant's employees or agents had inspected the area in and around Parking Lot "A" before Plaintiff's claimed fall, and such employees or agents of Defendant knew that the parking lot had icy conditions.

11.

Despite knowing that Parking Lot "A" had icy conditions before Plaintiff's claimed fall, Defendant did not notify members of the public or place signs out to warn about the icy conditions on the lot.

12.

Defendant did not put salt or sand on the walkways around the lot or on the lot itself before Plaintiff's claimed fall.

13.

Employees of Defendant left work earlier than scheduled on the evening of the December 15, 2010.

14.

As part of its management agreement with Hartsfield-Jackson Airport, Defendant has duties which include inspecting the parking lot grounds for snow and ice.

15.

As part of its management agreement with Hartsfield-Jackson Airport, Defendant has duties which include reporting to the airport that the parking lot grounds which it manages have snow and ice present.

THIS _____ 15th _____ DAY OF _____ October, 2012 _____.

_____

P. Charles Scholle
Attorney for Plaintiff
Georgia Bar Number 629736

6340 Sugarloaf Parkway
Suite 200
Duluth, Georgia 30097
770-717-5100

- 3 -

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

RECEIVED & FILED
JAN 0 5 2012
Hail (Carus)
CLERK STATE COURT
CLAYTON COUNTY

### ORDER FOR APPOINTMENT FOR PROCESS SERVICE

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court, it is hereby

**ORDERED** and **ADJUDGED** that the following:

| | | | |
|---|---|---|---|
| Abebe, Huluka | Gayle, Earl | Mitchell, Kevin | Smith, Terral |
| Abebe, Hunde | George, Randal | Moore, Jeanine | Smith, Virginia C. |
| Ahmad, Imran | Grier, Miranda | Morgan, Anisssa D. | Sorensen, S. Neilse |
| Ali, Syed Amjad | Hightower, Antonio | Morgan, Todd V. | Sorina, Tracy-Lynn |
| Benito, Richard | Hill, Hollis | Morris, Barney | Stanton, Christopher |
| Benito, Robert | Horton, Christopher | Moss, Cynthia | Stone, Rodney |
| Boatner, James | House, Nicole | Nowlk, Dennis | Stone, Russell |
| Bradberry, Christopher | Hudson, Sonya | O'Brien, Christopher | Stonica, Jacqueline |
| Briley, Donnie | Huff, Michael | Oglesby, Jessica | Stonica, Michael |
| Cain, Theordora | Jenkins, LeRoy | Pagan, Eric | Stover, Jason |
| Clark, Deanna C. | Johnson, Christina | Peters, Jomo | Suggs, Sandra |
| Cline, Travis D. | Johnson, Dwayne | Pippin, Allen | Tamaroff, Paul |
| Cosme, Jeannine | Jones, Alicia | Primus, Kory | Tharpe, Rosemery |
| Crawford, Cathy | Jones-Snellings, Sharon | Rauser, Jayne E. | Thrash, Nancy |
| Davenport, Alterick | Jordan, Julia | Rivers, Karey (III) | Tort, Henry |
| DeVaughn, Carl | Kidd, Elizabeth | Robinson, Jeroy | Watt, Roosevelt (II) |
| Douglas, Angie | Kirkland, Shirley | Ruddock, Kitwana | West, Eric |
| Duchon, Deborah | Lewis, Donald | Sadler, John | Williamson, Harrel |
| Dykes, Gregory | Lewis, Kevin | Sanders, Robert | Woodman, Howard |
| Evans, Anita | Lobin, Jerome | Saxon, Jasmine | Wright, Valerie |
| Faulkner, Dana V. | Lobin, Karen | Saxon, Rashad | Yata, Verity |
| Feathers, Jennifer | Lovett, Cheryl | Shadix, Jimmy | Young, Eugene |
| Fox, Juhani | Mallas, Nicholas | Shepherd, Elizabeth | Zayas, Roberto |
| Frost, Timothy | Mann, Shannon | Sleep, Thomas G. | Zweben, Ronald |
| Fuller, Thomas | McAuley, Randall | Smith, Bruce (Jr.) | |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court, for Calendar Year 2012, without the necessity of an order for appointment in each individual case.

SO ORDERED this ___3rd___ day of ___January___, 2012

Chief Judge Harold G. Benefield

Judge Linda S. Cowen

Judge John C. Carbo III

Judge Morris E. Braswell

Judge Aaron B. Mason